## ELLIOTT, ADM'R, &c. *vs.* WHITE.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The surety of a curator of absent heirs, may be sued on the bond in the District Court.

The representative of those, for whose benefit a bond was given to the Judge of Probates, as their trustee, can sue on the bond without an assignment of it.

The defendant was sued as one of the sureties in a bond to the Parish Judge, by John A. Foote, as principal, curator of the plaintiff's deceased father. It was alleged that the curator had converted to his own use, five thousand dollars belonging to the estate, and to recover this sum from the surety, this action was brought.

The defendant filed several exceptions, which were overruled; and he answered, averring that the money claimed was lost, owing to the improper discharge of the curator, and the neglect of the attorney representing the absent heirs.

Judgment was rendered for the plaintiff, and the defendant appealed.

*Peirce* and *McCaleb*, for appellants.

EASTERN DIS.
*March*, 1833.

ELLIOT,
ADM'R. &c.
*vs.*
WHITE.

1. The District Court has no jurisdiction of the cause, the same belonging to the Court of Probates, in and for the parish and city of New-Orleans. *C. P. art.* 924–9.

2. In the said Court of Probates a suit is now pending for the same cause of action, and yet undetermined.

3. The bond sued on, is given to the judge of the Court of Probates and his successors in office, and the same has never been assigned to plaintiff, and he has no legal authority to sue on the same.

4. A suit cannot be instituted on the said bond, until the parties to it have been called upon to comply with its conditions, and asked to render an account, and have been put *in delay* for not doing so.

5. The heirs of the said Elliott, since the institution of this suit, have instituted proceedings against Labarre and others, to recover, and have recovered the very property, or at least a part of it, for the disposition of which, and the alleged not accounting for it, the appellants are sued, as succeeding to the responsibilities of Foote, the administrator; and if judgment is rendered in this case, the heirs of Elliott will recover the property sold, and the price for which it was sold.

*Hennen, contra.*

The opinion of the court was delivered by MARTIN, J.

The defendant and appellant complains of a judgment rendered against them, as surety of a former curator of the estate of Foote, in favor of the present.

1. His counsel has urged that the District Court was without jurisdiction, and he was suable in the Court of Probates only.

2. A suit was actually pending in the Court of Probates against him on the bond.

3. The bond was given to the judge of Probates, and was never endorsed or assigned.

4. His principal was never called on to account, and was never put *in morâ*.

Eastern Dis.
March, 1833.

The surety of a curator of absent heirs.may be sued on the bond in the District Court. The representative of those for whose benefit a bond was given to the Judge of Probates, as their trustee, can sue on the bond without an assignment of it.

The counsel has not alleged, and we are unacquainted with any law, which takes a case like the present, from the jurisdiction of the ordinary tribunals. The Court of Probates is one of limited jurisdiction, which cannot be extended to any case not especially placed within its attribution.

The present plaintiff is not a party to the suit depending in the Court of Probates.

3. The suit is brought by the curator who represents the creditors and heirs, for whom the judge of Probates, as the counsel took the bonds, and the curator who represents them, may sue on the bond, in the same manner as a principal can bring an action on a contract made for him by his agent.

4. The bond is conditioned for the due and faithful administration of the estate. The breach it assigned, is a failure therein, it became the duty of the defendant, to show a due and faithful administration of the estate by his principal.

All these exceptions were properly overruled in the District Court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.