Eastern Dist.
*April*, 1835.

ZANDER
*vs.*
PILE ET AL.

---

## ZANDER *vs.* PILE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A curator's bond is the evidence of a contract, on which a civil action may be instituted in the courts of ordinary jurisdiction.

The Court of Probates, is one of limited jurisdiction, which cannot be extended to any case not especially placed within its attribution.

This is an action on a curator's bond, in the District Court of the state. The widow of the late John Pile, who died in New-Orleans, obtained the curatorship of his estate, and gave bond in the penal sum of three thousand seven hundred and fifty dollars, with Thomas Copping as surety. The bond was taken and filed in the Court of Probates.

The plaintiff alleges, that the curatrix rendered her account to the Court of Probates without placing him thereon, either as an ordinary or privileged creditor. That on his opposition, the account rendered was set aside and another ordered, on which he was to be placed as a creditor of the estate of Pile, for three thousand two hundred and nine dollars, part of it a privileged claim. He also shows the curatrix has neglected and refused to render another account, although again ordered, by reason of which both her and her surety are liable

*in solido,* on their bond. He therefore prays judgment thereon, for the amount of his claim.

The defendants pleaded to the jurisdiction of the District Court; and that the case belonged of right to the Probate Court, where the succession of Pile was opened, and which remained still unsettled.

The district judge was of opinion the District Court had no jurisdiction of an action on a curator's bond; but even if the curator's surety was suable on the bond, before this jurisdiction, he is not suable by an individual creditor of the succession. Judgment was rendered dismissing the petition. The plaintiff appealed.

*Buchanan,* for the plaintiff, urged that the District Court had jurisdiction, inasmuch as the present suit is against a curatrix and her surety, on their bond, not in a representative but in a personal capacity.

2. The District Court is vested with jurisdiction, by reason of the subject matter, as has been often decided by this court. 5 *Martin,* 630. 3 *Martin, N. S.,* 139. 5 *Ibid.,* 217. 6 *Ibid.,* 548, 7 *Ibid.,* 376. 8 *Ibid.,* 241, 510. 5 *La. Reports,* 322.

3. The jurisdiction of the Probate Court is limited to particular cases, within which the present action does not fall. *Code of Practice,* 924–5.

4. The different remedies in cases where a curator refuses to account, are pointed out by law. *Code of. Practice, article* 1012, *particularly the latter clause.*

*L. C. Duncan,* for defendant, relied on the authorities cited on the trial by the judge *a quo.* See *Code of Practice, articles* 993–4, 1011, 1012.

*Martin, J.,* delivered the opinion of the court.

This is an action against the principal and surety in a curator's bond. The defendants pleaded to the jurisdiction of the District Court. The plea was sustained, and the plaintiff appealed.

We agree with the learned judge of the First District Court,

that it might be better, that the bonds taken by the Court of Probates from curators, should be acted upon by *scire facias* in that court, exclusively; being considered as recognizances, or conditional judgments. But a bond is the evidence of a contract, on which a civil action may be instituted, and we know of no law which authorises a court of ordinary jurisdiction to refuse its aid, to a suitor in a civil action, the cognizance of which is not exclusively given by law to any particular court, merely because it would be much better that the latter should entertain exclusive jurisdiction of the matter.

This court sees no good reason to change the opinion we expressed in the case of *Elliott, administrator,* vs. *White.* 5 *Louisiana Reports,* 322. *Monroe* vs. *McMickin.* 8 *Martin, N. S.,* 510.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the plea or exception to the jurisdiction of the court be overruled, and that the case be remanded for further proceedings according to law; the appellees paying costs in this court.

EASTERN DIST.
*April*, 1835.

A curator's bond is the evidence of a contract, on which a civil action may be instituted in the courts of ordinary jurisdiction. The Court of Probates is one of limited jurisdiction, which cannot be extended to any case not especially placed within its attribution.