PARMELE AND BAKER *vs.* BRASHEAR.

PARMELE AND
BAKER
*vs.*
BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, JUDGE LEWIS, THEN OF THE DISTRICT, PRESIDING.

In a suit on a curator's bond against the surety, he is only liable for the moneys which come into the hands of the curator after signing the bond, and for the debts which are unpaid, from a failure to pay over the funds during that time.

The condition of a curator's bond being, that he will faithfully administer and perform the duties of his office, a failure to pay over money when ordered, is a breach of the condition, and the creditor has his remedy on the bond against the surety.

This is an action against the surety in a curator's bond. The plaintiffs allege that in December, 1834, they obtained a judgment against the curator of the estate of William S. Barr, deceased, for three hundred and sixty-seven dollars, with interest. That on the 30th of June, of that year, Robert B. Brashear, obtained a prolongation of the curatorship of said Barr's estate, with W. Brashear as his surety. They further urge that the condition of the bond is broken, and the bond forfeited, in consequence of the failure of the curator to pay them the amount of their demand or judgment, notwithstanding he has collected and received funds of the estate sufficient. That he has neglected and failed to administer the estate faithfully, and has, on the contrary, converted the funds to his own use. They pray for judgment on the bond for the amount of their debt.

The defendant excepted to the plaintiffs action and averred it could not be maintained until the estate was definitively settled, and a final tableau of distribution filed. This exception was sustained, and an appeal taken from the judgment rendered therein. *See* 11 *Louisiana Reports*, 329.

On the merits, the defendant denied generally and averred that there was not sufficient funds to pay the debts, and that he was not liable on his bond, because there was no mal-administration.

On the return of the case from the Supreme Court, it was

tried on the merits. It appeared the curator had been re-appointed and given as many as three bonds; and that the defendant could only be liable in this suit on the last bond.

WESTERN DITS.
September, 1840.

PARMELE & BA-
KER
vs.
BRASHEAR.

The district judge was, however, of opinion, that the suit was premature, and that no recovery could be had on the bond until the final administration of the estate, and final tableau filed. There was judgment for the defendant, and the plaintiffs appealed.

*Splane*, for the plaintiffs.

*Dwight*, for the defendant.

*Martin, J.,* delivered the opinion of the court.

This case was before us at a former term, on an exception which was sustained by the District Court, and which this court overruled, and remanded the case for trial on the merits. *See* 11 *Louisiana Reports,* 329.

There was judgment on the second trial for the defendant, and the plaintiffs have again appealed.

The defendant's principal in the bond, curator of the estate of William S. Barr, deceased, at the end of the first year of his curatorship, presented an account of his administration, in which he placed the plaintiffs as creditors, for the sum of three hundred and sixty dollars and fifty cents, and stated that their proportion of the funds collected, was forty dollars and ninety-four cents. This account was homologated; payment ordered accordingly, and the curatorship prolonged for another year. At the expiration of the second year, he presented another account, in which the plaintiffs were placed as creditors for the sum of three hundred and nineteen dollars and fifty cents, and their proportion of the funds on hand put down at one hundred and eighty dollars and fifty-three cents, and payment ordered accordingly. There was a prolongation of the curatorship for the third year, (1834,) with the present defendant as surety. The bond bears date the 13th of June, 1834. On the 11th of December, in the same year, the plaintiffs claim was liquidated by a judgment for the sum of three hundred and sixty-seven

WESTERN DIST.
September, 1840.

PARMELE & BA-
KER
vs.
BRASHEAR.

In a suit on a curator's bond against the surety, he is only liable for the moneys which came into the hands of the curator after signing the bond, and for the debts which are unpaid from a failure to pay over the funds during this time.

The condition of a curator's bond being, that he will faithfully administer, and perform the duties of his office, a failure to pay over money when ordered, is a breach of the condition, and the creditor has his remedy on the bond against the surety.

dollars, with interest. The present suit is instituted for the amount of this judgment, on the last mentioned bond, against the surety therein.

The present defendant was surety on the original bond, and another person on the first prolongation or second bond.

With regard to the moneys which the principal had received, before the date of the bond sued on, the present defendant is clearly not liable. There is no evidence that any money came into his hands after that time. The plaintiffs, therefore, have no claim for the non-payment of money. But the condition of the bond is, that the curator "shall well and truly administer upon the estate, and faithfully execute and perform the duties required of him by law." The neglect to administer faithfully and perform these duties is most certainly a breach of the condition of the bond. The solvency of the estate is stated by the curator, and appears further from the inventory and statement of active and passive debts filed by him. The prolongation of the curatorship is conclusive evidence that part of the duties of the curator remained to be performed. It is not shown that any of them have been attempted to be performed since that time. The condition of the bond is therefore broken.

It remains to inquire into the amount of the plaintiffs' claim. It has been liquidated by the judgment for the full amount of the original account, in the sum of three hundred and sixty-seven dollars. The curator had received funds of the estate out of which he had been directed to pay two hundred and twenty-one dollars and forty-seven cents, as the proportion due to the plaintiffs, before the date of the bond sued on. For this, if not paid, his remedy is on the two first bonds. The balance to wit, the sum of one hundred and forty-five dollars and fifty-three cents, forms the amount of his claim in the present suit.

It has been contended that the plaintiffs ought first to have provoked the filing of an account and tableau of distribution by the curator. This would have been very requisite if they had sought a recovery from the estate administered by him. But the sole object of the present suit is to recover

from the surety of the curator, personally and out of his private property, the damages which they have sustained by the breach of the condition of the bond. *See the case of Rison* vs. *Young and Turnbull, 7 Martin, N. S., 294.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and aversed; and it is further ordered, adjudged and decreed, that the plaintiffs do recover from the defendant, Walter Brashear, the sum of one hundred and forty-five dollars and fifty-three cents, with legal interest from the first of June, 1832, until paid, with costs in both courts.