|  28 | 113 |
| 116 | 257 |

No. 6094.

## MRS. ANNE FORD VS. MRS. ANNE KITTREDGE.

The defendant pleads that plaintiff's claim has not been recognized by any court, and that individual creditors can not sue a discharged administrator to render him liable on his bond, at least not until he has rendered an account. This court can not indorse these views of the law. No one can take advantage of his own laches or tort; it is this neglect or dereliction of duty which gives the right of a personal action against the administrator.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie, J. LeBlanc & Guion*, for plaintiff and appellant. *Nichols & Folse*, for defendant and appellee.

LUDELING, C. J. The plaintiff, a recognized creditor of the succession of Kittredge, sued the defendant personally on her bond for the amount of her claim against the succession. The defendant filed the exception that no cause of action is stated in the petition. The petition, which is quite lengthy, contains in substance the following allegations among others: That she is a recognized creditor of the succession for eight thousand dollars with interest; that the defendant was appointed administratrix of the succession, and that in said capacity she committed gross acts of maladministration to the injury of the plaintiff to the extent of her debt; that she wasted the property of the succession and has sold and disposed of all the property of the succession, amounting to upward of three hundred thousand dollars, and that she has neglected and refused to render an account or to pay the creditors, and that for her neglect and maladministration she was dismissed from her office; that she has purchased at the sales of the succession property, for cash, property to the extent of one hundred and ninety-one thousand dollars, for which she has never accounted, and the remainder of the property, or a large portion thereof, has been purchased by the heirs and others, who have not been required to pay the price, although the terms of sale were cash. She averred that the succession was solvent

9

when opened, but that all the property has been alienated without paying the creditors. These allegations would seem sufficient to authorize a personal judgment against the administratrix if established by proof. But the defendant says plaintiff's claim has not been recognized by any court, and that individual creditors can not sue a discharged administrator to render him liable on his bond, at least not until he has rendered an account. We can not indorse these views of the law. No one can take advantage of his own laches or tort; it is this neglect or dereliction of duty which gives the right of a personal action against the administrator. In Parmelee et al. vs. Brashear, 16 La. 72, this court said: "It has been contended that the plaintiffs ought first to have provoked the filing of an account and tableau of distribution by the curator. This would have been very requisite if they had sought a recovery from the estate administered by him. But the sole object of the present suit is to recover from the surety of the curator, personally and out of his private property, the damages which they have sustained by the breach of the condition of the bond." In Elliott, Administrator, vs. White, which was a suit against the surety on a curator's bond, the defendant excepted that the district court was without jurisdiction, and that a suit could not be instituted on the bond until the parties to it have been called upon to comply with its conditions and asked to render an account, etc. The court said: "The bond is conditioned for the due and faithful administration of the estate; the breach it assigns is a failure therein. It becomes the duty of the defendant to show a due and faithful administration of the estate of his principal." 5 La. 322; 8 La. 211; 10 La. 26.

The substance of the allegation of the petition is that she has been damaged by the breach of the conditions of defendant's bond, and a sufficient cause of action is stated.

"It was the duty of the curator and his representative to account and deliver the amount in his hands. For the performance of this duty he gave bond.　*　*　*　This he has not done; and, as a breach of the condition, the surety is liable to a suit, although neither the curator nor his surety has been sued for a settlement." 5 M. 330; Denys vs. Armitage.

It is therefore ordered that the judgment of the lower court be set aside, and that the exception be overruled, and that the case be remanded to be tried according to law, appellee to pay costs of appeal.

Rehearing refused.

---

WYLY, J., *dissenting.* Plaintiff, the holder of a note for eight thousand dollars, made by E. E. Kittredge, duly acknowledged by the administratrix of his succession, sues the defendant, who has been destituted of

the office of administratrix, solely for the purpose of recovering a personal judgment against her individually. The court dismissed the suit on the plea that the petition shows no cause of action, and the plaintiff appeals.

It was at the suit of plaintiff that defendant was destituted of the office of administratrix, on the ground that she failed to file an account of her administration within twelve months. See the case reported in 26 An. 190.

Defendant contends that plaintiff's claim was only allowed by her; that it never was established contradictorily with creditors and heirs on a tableau of distribution; that there has been no judgment of court requiring her to pay said claim, and there is no ground stated in the petition which would authorize plaintiff to recover a judgment against her individually. She admits that since she was destituted of the office of administratrix she is liable to account to her successor, when appointed, but she denies that she is liable to account to plaintiff or any other creditor.

An ordinary creditor, who has obtained a judgment or an acknowledgment of his debt, can only obtain payment of it concurrently with other creditors. C. P. 987. When the time of paying creditors shall have arrived the administrator shall call together all the creditors of the succession in the manner provided by law to receive what is due them. C. P. 988.

It is the duty of the probate judge on the application of creditors, or any one of the creditors, to cause, on the requisite advertisement being made, the sale of so much property of the estate as may be necessary to pay the debts. C. P. 990.

When a judgment shall have been rendered for a sum of money against an administrator, such administrator shall, within three days after the judgment has been notified to him, if he has a sufficient amount in his hands, discharge the amount of the judgment. C. P. 1053.

If an ordinary debt, the curator or administrator shall pay the amount of such judgment concurrently with the other debts of the succession, by applying to the judge of probate for a convocation of creditors in the manner prescribed by law, that he may distribute among them the sums which may be in his possession. C. P. 1054.

If the administrator have no funds in his hands, he shall inform the sheriff when the judgment is notified to him that he has not funds to satisfy it. C. P. 1055.

" The party obtaining the judgment may thereupon make a motion to the court that the curator or executor shall be compelled to prove the truth of his declaration by filing in court, within a time to be specified, a

brief statement of his condition as administrator or executor with re-
gard to the said succession." C. P. 1056.

"If the curator, testamentary executor, or administrator refuses or
neglects to pay the amount for which judgment has been rendered in
one of the modes pointed out in the preceding articles, or if he fails to
prove that he has no funds in his hands belonging to the succession, the
party in whose favor the judgment was rendered may take out an exe-
cution against him, under which his property to a sufficient amount to
pay the debt shall be seized and sold." C. P. 1057.

In Lobit vs. Castille, 14 An. 779, this court held, that where an admin-
istrator against whom a judgment has been rendered fails to prove that
he has no funds in his hands, the creditor may take out execution
against such administrator's individual property, but to do so it is nec-
essary that the judgment should be notified to him and a rule taken on
him in his official capacity. "That where the remedy is resorted to of
having the administrator dismissed from office and sentenced to pay in-
terest and damages, he settles with his successor in office, and not with
the creditor who has provoked the dismissal. The regular mode by
which an ordinary creditor is to obtain payment of his judgment against
an estate is concurrently with other creditors. This implies that an ac-
count and tableau of distribution should be filed, wherein each creditor
may be classed, in order that he may receive his portion of the funds in
the hands of the administrator. Where a creditor declines to pursue
the ordinary remedy, and pursues the administrator personally by a re-
sort to the penal provisions of the law, he must bring himself within
them before he can demand the penalty. The classification and order
of payments referred to in the C. P. 993 is that mentioned in a preceding
article, 988, and the case is contemplated where the administrator has
funds and is ordered to pay the same to the creditors according to their
rights, and not a case where the funds are not in the hands of the ad-
ministrator at the time of such classification."

In Lockhart vs. Wall, Administrator, 14 An. 273, where the defendant
failed to comply with the order of the clerk requiring him to file an ac-
count, and plaintiff instituted suit to make the defendant personally
liable for failing to file the account and for failing to inform the sheriff
whether he had funds to pay the debt, this court said: "We are not
aware of any law which renders the administrator personally liable for
the debt on his mere neglect to comply with the *ex parte* order of the
clerk to file his account, and as the law has not denounced the penalty
claimed, we can not maintain this ground as the basis of the action.
*    *    *    *    There was no decree against the administrator to
pay over any sum of money to the plaintiff or any one else; for the
clerk was without judicial power to do more than homologate the

account. As, therefore, the defendant held no judgment ordering the administrator to pay him any sum of money, the notification of the clerk's order homologating the account was an idle ceremony, which could not produce the serious result ascribed to it."

Here the only complaint against the defendant is that she had not filed her account as required by law, and she has not paid plaintiff out of the funds in her hands the amount of the claim acknowledged by her as administratrix of the succession of E. E. Kittredge. These are the only material facts alleged in the petition upon which plaintiff bases her demand for a judgment against the defendant personally. And these facts, on the plea that the petition discloses no cause of action, must be taken as true. The conclusion of law, set out in the lengthy petition of plaintiff, that from these facts the defendant has forfeited her bond and laid herself liable personally, are not to be taken as true, nor have they any bearing in the case.

We have then admitted: The defendant, as administratrix, acknowledged plaintiff's debt of eight thousand dollars several years ago; she not only neglected to pay it, but she failed to file an account within twelve months, and was dismissed for thus failing to file her account at the instance of plaintiff.

This is the proposition disclosed in plaintiff's petition, upon which the defendant is sought to be made personally liable. Does it warrant the conclusion that the defendant is liable? Does it disclose a cause of action? I think not. I can see no legal obligation to be enforced by the court. The decisions in the fourteenth Annual to which I have referred are very clear on this point. The language of this court in those cases was —

" *We are not aware of any law which renders the administrator personally liable for the debt on his mere neglect to comply with the ex parte order of the clerk to file his account, and as the law has not denounced the penalty claimed, we can not maintain this ground as the basis of the action.*"

" That where *the remedy is resorted to* of having the administrator *dismissed from office* and sentenced to pay interest and damages, *he settles with his successor in office, and not with the creditor who has provoked the dismissal.*

" The regular mode by which an ordinary creditor is to obtain payment of his judgment against an estate is concurrently with other creditors. This implies an account and tableau of distribution should be filed, wherein each creditor may be classed, in order that he may receive his portion of the funds in the hands of the administrator. *Where a creditor declines to pursue the ordinary remedy, and pursues the administrator personally by a resort to the penal provisions of the law, he must bring himself within them before he can demand the penalty.*"

In the case at bar plaintiff made no application to enforce the collection of her debt in either of the modes indicated in the articles of the Code of Practice to which I have referred; no order was rendered requiring the defendant to pay the debt; the defendant simply neglected to file her account within twelve months, and she incurred the penalty prescribed by law—she was dismissed from office. The law does not prescribe, as an additional penalty, that an administrator discharged for this cause shall become personally liable for the debts of the deceased. Where the law has not denounced this penalty for the failure of an administrator to file an account, this court ought not to enforce it, because it is the duty of a court to enforce obligations, not to make them. If the law has not prescribed the penalty there is no obligation arising by operation of law in relation thereto; there is no obligation to be enforced by the court. The dismissal of defendant from the office of administratrix of the succession of her late husband, E. E. Kittredge, for failing to file her account within twelve months did not of itself impose on defendant the legal obligation to pay the debts of his succession or bind her individually to pay them. The obligation of defendant to plaintiff in regard to the claim of the latter against the succession of E. E. Kittredge was no greater the day after defendant was destituted than it was the day before. What was her obligation before she was destituted? It was to pay the debt of plaintiff out of the large amount of funds in her hands belonging to the succession (one hundred and ninety thousand dollars) the amount of the price of the adjudication of the succession property to herself; and this payment she was bound to make concurrently with other creditors by applying for a convocation of creditors in the manner provided by law. Plaintiff, however, declined to resort to the ordinary remedy for collecting her debt from the administratrix, and she now seeks to make the destituted administratrix personally liable by a resort to the penal provision of the law; but by the provisions in the fourteenth Annual this can not be done, because plaintiff has not brought herself within the requirements of those provisions and she can not "demand the penalty." Plaintiff did not require a tableau of distribution; she did not obtain a judgment directing defendant to pay the amount of her debt; she did not notify a judgment to defendant and by rule require defendant to pay it out of the large amount of succession funds on hand. Failing to comply with these provisions, plaintiff can not demand as a penalty that defendant shall be made liable for the debts of the deceased. The administratrix, who was discharged merely for failing to account, in my opinion, is only liable to account to her successor in office, and not to any creditor, for the large amount of succession funds remaining in her hands according to allegations of plaintiff.

But plaintiff insists that defendant has forfeited her bond, and there-

fore recovery may be had in this action. This is a conclusion of law which is not admitted by the plea; there is no cause of action disclosed in the petition.

The facts alleged by plaintiff are for the purpose of this trial assumed to be true. But those facts, if true, under the authorities I have quoted do not warrant the conclusion that the defendant is personally liable to plaintiff for the debt of eight thousand dollars owing by the deceased.

The facts that defendant with one hundred and ninety thousand dollars in hand belonging to the succession, the price of the property adjudicated to herself, refused or neglected to pay plaintiff the amount of the acknowledged debt, and failed to file an account within twelve months, if admitted, would not justify the conclusion that defendant had incurred personal liability for the debts of her husband. But the plaintiff asserts in her brief that the suit is based on the bond, and the violated obligation thereof is the cause of action.

I do not find that the suit is on the bond of the administratrix. But that is immaterial. For if the allegations of the petition be admitted, and they are not sufficient to fix the personal liability of the defendant, plaintiff's action must fail; the court can give no relief. If the law be that an administratrix, who, with ample funds in hand, has merely failed to pay an acknowledged creditor and has also failed to file an account within twelve months, is not rendered thereby personally liable for the debts of the deceased, then there is no legal obligation that can be enforced against such administratrix, it matters not what bond or other writing plaintiff may assert is the basis of the suit.

The surety on the bond is not sued.

The bond does not enlarge the individual responsibility of the administratrix. The law regulates that. The bond is the security which she gives for the faithful discharge of the duties imposed by law. It is intended to respond for the penalties or liabilities imposed by law on the administratrix.

If in the case at bar the law does not impose the penalty of personal liability under the facts stated in the petition, the circumstance that the bond is asserted to be the basis of the action will not strengthen the case or make out a cause of action.

If those decisions in the fourteenth Annual can be relied on as true expositions of the law, and they seem clearly to conform to the textual provisions of the Code of Practice, plaintiff has no cause of action against the defendant, admitting the facts stated in the petition to be true, because the complaint is, defendant, with ample succession funds in hand, failed merely to pay plaintiff, an acknowledged creditor, and also failed to file an account within twelve months, for which she was

destituted. These facts are not sufficient to render defendant person-
ally liable for the debts of her husband.

Plaintiff relies on the decisions in 5 M. 629; 8 N. S. 510; 5 L. 322; 8 L.
211; 11 L. 329; 16 L. 72; 19 L. 383. These decisions relate mainly to the
jurisdiction of the court and to the liability of sureties on the bonds of
curators and administrators. In not one of them do I find a case dis-
closed like the one at bar. Those decisions do not conflict with the
cases which I have quoted from the fourteenth Annual; nor do they
affirm that where the allegations fail to disclose a cause of action against
an administratrix personally the statement in the petition that the ad-
ministratrix has forfeited her bond or the assertion in the brief that the
suit is on the bond will strengthen the case or give a cause of action.

In my opinion the learned judge a quo did not err in dismissing the
suit on the plea that the petition discloses no cause of action. I there-
fore dissent.