(117 So. 583)

No. 28853.

**BROWN et al. v. FURLONG et al.**

March 12, 1928. Rehearing Denied June 4, 1928.

George T. McSween and M. D. Dimitry, both of Shreveport, for appellants.

Byron A. Irwin, of Shreveport, in pro per.

OVERTON, J. This suit was instituted by eight of the legal heirs of Mrs. Florence A. Toombs, deceased, and by M. D. Dimitry, against the remaining legal heirs of the deceased, twenty-four in number, to effect by licitation a partition of movable and immovable property. The property sought to be partitioned is that recovered by the legal heirs of Mrs. Florence A. Toombs in Beattie v. Dimitry et al., 162 La. 571, 110 So. 759, and

in Succession of Toombs, 162 La. 585, 110 So. 764.

All the heirs against whom the suit is brought are nonresidents of the state, and six of them are minors. Edward Barnett, Esq., was appointed curator ad hoc to represent all of them, including the six minors. The curator ad hoc filed an answer in which he admitted all the allegations of plaintiff's petition, but later withdrew the answer, and resigned as curator ad hoc. Byron A. Irwin, Esq., was appointed curator ad hoc in the place of Barnett, and filed an answer, putting plaintiffs' demand at issue.

Albert P. Garland, about this time, intervened in the suit, denying that Dimitry had any proprietary interest in the property to be partitioned, and alleging that the latter is entitled, as appears from his contracts with the parties litigant, only to an amount equal to 50 per centum of the amount recovered for them under said contracts, and that he (Garland), by virtue of a contract with Dimitry, the terms of which he has fulfilled, is entitled to one-half of the net amount of that fee, for which amount he prays for judgment, with recognition of his lien, as attorney at law, on the property recovered by Dimitry, with his assistance. This intervention was referred, upon motion of Garland, in the event the partition prayed for should be ordered to be made by sale, to be disposed of at the time of the distribution of the proceeds of the sale.

After Byron A. Irwin had filed his answer, as curator ad hoc for all the defendants, thirteen of them, through attorneys selected by them, appeared and filed an answer to take the place of that filed in their behalf by their curator ad hoc. However, as it appeared that six of these defendants were minors, and were not represented by a tutor or guardian, the court ordered the answer struck from the record, so far as relates to the six minors, and that the answer filed in behalf of the mi-

nors by the curator ad hoc should stand as to them.

After these documents were filed and the foregoing proceedings had, the case was called for trial, evidence was adduced, and the case was continued for argument. Two days later plaintiff moved that a nonsuit be entered in the case. The court ordered the nonsuit entered conditioned on the payment of costs. Later, upon motion of some of the defendants, and after a hearing had, the order of nonsuit was set aside. Thereafter, some fifteen of the defendants, including the six minors, mentioned above, through Dimitry as their attorney, filed an amended petition, making themselves parties plaintiff in the case, and adopting all the allegations and the prayer of the original petition for a partition. These plaintiffs alleged, after adopting the allegations and prayer of the original petition, that J. Lawrence Davis, who had been a resident of the state of Arkansas, but who had not been heard of for over 10 years, was an heir of Mrs. Toombs, the deceased, and was a necessary party to the suit. They also alleged that, as he was not a resident of the state of Arkansas (meaning Louisiana), a curator ad hoc should be appointed to represent him, and the court appointed a curator ad hoc for that purpose, who filed an answer in Davis' behalf.

After this amended petition was filed, what may be termed another trial of the case was had. All the evidence offered at this trial was objected to, (1) because there was no order reopening the case; (2) because the amended petition, by which the defendants, mentioned above, were made plaintiffs, and J. Lawrence Davis, who had not previously been made plaintiff or defendant, was made a party defendant, was never served on the other defendants; and (3) because the six minors, whom it was sought to switch from defendants to plaintiffs, did not appear in the

amended petition through a duly qualified guardian or tutor.

In deciding the case we may disregard the so-called second trial, and we may also disregard the filing of the amended petition, attempting to change the six minors and others from parties defendant to parties plaintiff, and making J. Lawrence Davis a party to the suit as a party defendant, and still reach the conclusion that plaintiffs are entitled to the judgment of partition for which they pray.

We may disregard the so-called second trial, because, as relates to it, no new evidence was offered, or at least none of any importance. In fact, the evidence offered on that trial consists of all the evidence offered on the first trial, which was reoffered in globo, and also one or two pieces of documentary evidence which, as we gather from the confused record, was already in evidence, and, moreover, is of no importance in deciding this case. Therefore, so far as relates to the evidence, the so-called second trial, which was virtually an informal reopening of the case after the evidence had been closed, may be disregarded, and the same conclusion reached as would be, if the evidence offered on the second trial were not disregarded.

As relates to the amended petition attempting to change the six minors and others from defendants to plaintiffs, and making J. Lawrence Davis a party defendant, as a new party to the suit, that petition may also be disregarded without affecting the regularity of the proceedings. The disregarding of it merely has the effect, so far as relates to the six minors and others, which it was the purpose of the amendment to change from defendants to plaintiffs, of leaving them in the position of defendants, which they occupied before the amendment was filed. The disregarding of the amended petition so far as relates to J. Lawrence Davis, who, by the amendment, was made a party to the suit,

will not affect the regularity of the proceeding, for Davis is not a necessary party to the suit. He was made a party defendant, through a curator ad hoc, on the theory that, if alive, he had a possible interest in the suit, as a forced heir of his mother, who was an heir of the decedent, Mrs. Toombs, the former owner of all the property sought to be partitioned herein. Davis' mother died some two years or more after the death of Mrs. Toombs. When his mother died, Davis' existence was unknown, and so far as appears is still unknown. Article 77 of the Civil Code provides that "in case a succession shall be opened in favor of a person whose existence is not known, such inheritance shall devolve exclusively on those who would have had a concurrent right with him to the estate, or on those on whom the inheritance should have devolved if such person had not existed," and the next article of the Code preserves to him, his representatives or assigns, the right to claim his inheritance, should the right be asserted before prescription has accrued. In a recent case, touching the necessity of making a person, whose existence was unknown at the time a succession fell to him, a party to a partition suit to partition the effects of the succession, it was said:

"The deceased had also a brother, who disappeared more than 20 years before her death and has never been heard from since. He is made a party to this suit, through a curator ad hoc, as if he had an interest in this property. But he has no interest therein, since he had none when he disappeared, and his very existence was unknown at the time the succession of his sister was opened in his favor. Hence the entire succession devolved exclusively upon his coheirs, subject only to his right to reclaim from them his proportion of the inheritance, should he reappear within 30 years from the death of his sister. [Citing] R. C. C. Arts. 77, 78; Gahn v. Brown, 160 La. 790, 107 So. 576; Succ. of Derigny, 156 La. 146, 100 So. 251; Succession of Derigny, 133 La. 382, 63 So. 56; and, especially, Martinez v. Wall, 107 La. 737, 31 So. 1023." Pfister v. Casso, 161 La. 940, 109 So. 770.

For these reasons we think that the objections stated above, and urged on the so-called second trial, have no force, because that trial may be disregarded and the same conclusion reached as would be if it were not disregarded, and that the amended petition which evidently provoked the second trial, may be disregarded without affecting the regularity of the proceedings.

As relates to the sufficiency of the evidence offered on the first trial, it appears to us to be sufficient to justify rendering the judgment prayed for. The property, sought to be partitioned, cannot be divided in kind among its numerous owners. A partition by licitation is necessary. All who may be considered the owners of the property are before the court.

■ It is contended, however, that Dimitry, who, as attorney for all the legal heirs of Mrs. Toombs, annulled what purported to be her will, and recovered for the heirs the property here sought to be partitioned, and who alleges that he is, by virtue of his contracts of employment, the owner of an undivided half of the property to be partitioned, is not, in fact, an owner of any part of the property. The contracts under which Dimitry was employed to represent the heirs bind the latter to pay him for his services "an amount equal to fifty per cent. of the amount recovered." A clause in a contract so reading merely fixes the amount to be paid, and does not convey an interest in the property eventually recovered. Hence Dimitry is not an owner of an interest in the property to be partitioned. However, the suit for partition does not depend upon whether Dimitry has a proprietary interest in the property sought to be partitioned, for the remaining plaintiffs unquestionably own undivided interests in it. The only effect of not recognizing Dimitry as a part owner of the property to be partitioned is to increase the amount to which each of the remaining parties to the suit would otherwise be entitled, to the extent of his or her proportion of the one-half undivided interest in the property claimed by Dimitry as owner, and to relegate Dimitry, under his contract for compensation, in accordance with an alternative plea filed by him, to the fund to be distributed in the partition. As relates to the interest that each of the remaining parties to this suit owns in the property, that interest, as fixed in the petition for partition, must be doubled, due to the elimination of Dimitry as the owner of an undivided half interest, and as thus fixed each of the parties to the suit (Davis not being considered as having any interest in the property) will obtain out of the proceeds of the sale the amount to which he or she is entitled, subject to the claims of Dimitry and of the intervener Garland, mentioned above.

The trial court rendered judgment rejecting plaintiffs' demand as in case of nonsuit. This judgment, as appears from what we have said, will have to be reversed.

■ The curator ad hoc, Byron A. Irwin, filed a motion, which the lower court rejected, to have his fee fixed at $500 and taxed as costs. It is said that the trial court rejected the demand for the fee, because the curator ad hoc had not been cited, and because until he was cited he had no authority to represent the absent defendants. If the lower court so ruled, it may be said that Barnett, who was first appointed curator ad hoc, accepted service of the petition in the suit and waived citation on December 15, 1926. He was authorized to accept service and waive citation by Act 167 of 1924. The effect of this acceptance and waiver was to bring the absent defendants constructively before the court. These absentees were still constructively before the court when Barnett resigned and Irwin was appointed curator ad hoc in his place. When Irwin was appointed there was no reason to serve him with a copy of the petition and with citation, or to have him formally waive or accept service of process. In fact, if any

waiver of process was necessary by him, he waived it, when he filed an answer in behalf of the absentees, putting at issue plaintiffs' demand. There could be no question, therefore, as to Irwin's right to appear in court and represent the absentees.

But plaintiffs contend that the curator ad hoc is not entitled to have the fee claimed by him taxed as costs, because costs are the creatures of statutory law, as held in Reynaud v. Uncle Sam Planting & Mfg. Co., 158 La. 1083, 105 So. 72, and because there is no law authorizing such fees to be taxed as costs. In disposing of the issue here raised, it may be said that the law expressly authorizes the taxing of the fees of curators ad hoc as costs in attachment suits. R. S. § 108; Rosenthal v. Rosenthal, 159 La. 933, 106 So. 385. However, in other instances, such as in partition suits, while the law expressly authorizes the appointment of curators ad hoc to represent absent defendants, yet so far as we are able to ascertain, in all of them, with possibly one or two isolated exceptions, it makes no express provision for the taxing of such fees as costs. On the other hand, it has been the general practice to tax them as costs, upon fixing them, after an opportunity to be heard is given, and the right to so tax them seems to be recognized by jurisprudence. State ex rel. Louisiana Board of Trustees v. Judge, 30 La. Ann. 1026. We think that where the authority to tax such fees as costs is not expressly given, it is implied in the power to appoint curators ad hoc. Our conclusion is that the law authorizes the taxing of the fee of a curator ad hoc, in a partition suit, as costs. As to the amount of the fee, the record justifies the conclusion that the curator ad hoc is entitled to the fee of $500 claimed by him in the lower court and in his answer to this appeal.

For the reasons assigned, the judgment appealed from is annulled and set aside, and judgment is now rendered ordering said property sold by the sheriff of Caddo parish, at public auction, according to law, to effect a partition; rejecting the demand of said Dimitry to be recognized as a co-owner; fixing the interest of each of the remaining parties to this suit (Davis not being treated as one of them) in said property at double that stated in plaintiffs' original petition herein; referring the claims of said Dimitry and the intervener, Garland, to the fund to be distributed; fixing the fee of said curator ad hoc, Irwin, at $500; ordering it paid as costs out of the mass; and ordering the proceeds of said sale, after the payment of all costs and claims that may be allowed against it, distributed among the parties to this suit, named in said original petition, with the exception of said Dimitry, in proportion to the interest owned by each as herein fixed. It is further ordered that all costs of this suit be paid out of the mass.

## On Application for Rehearing.

PER CURIAM. 1. The application of M. D. Dimitry et al. presents nothing new for consideration.

2. As to the application of Beatrice Foster et al., it suffices to say: (a) That Mrs. Beatrice Foster, as assignee of the rights and interest of Mrs. Saphronia Barnett Hill, is clearly entitled to receive, under her assignment, all the net share and interest which the said Saphronia Barnett Hill would otherwise receive herein, without any necessity for making further mention thereof in the judgment or amending the same to that effect. (b) That the cash and stocks now in the hands of the sheriff and clerk of court are involved in a series of complicated rules now pending before this court in the matter entitled Succession of Mrs. Florence A. Toombs, No. 28656 of our docket, which rules and the funds and stocks dependent thereon will, in due course, be disposed of by this court in such manner as to this court may seem just and proper, unless in the meanwhile the parties hereto

shall agree to add said cash and stocks to the rest of the property herein to be partitioned; but there is, in the opinion of this court, no valid reason why the partition and distribution of the principal assets and effects of the Succession of Mrs. Toombs should be delayed pending technical litigation over a small fraction thereof. And (c) that it is within the province of the district judge, and not of this court, to designate the notary to complete the partition, and said district judge will doubtless designate such notary at the request of any party in interest.

Both applications refused.