(118 So. 488)

No. 28656.

**Succession of TOOMBS.**

March 12, 1928.   On Rehearing, Oct. 29, 1928.

M. D. Dimitry and George T. McSween, both of Shreveport, for appellants.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee bonding company.

W. M. Phillips, of Shreveport, for appellee sheriff.

Thigpen, Herold, Lee & Cousin, of Shreveport, for appellee clerk of court.

A. P. Garland, of Shreveport, for various heirs.

OVERTON, J.   This litigation is an outgrowth of Beattie et al. v. Dimitry et al., re-

ported in 162 La. 571, 110 So. 759, and Succession of Toombs, 162 La. 585, 110 So. 764. In the former case the legal heirs of Mrs. Toombs annulled a purported will, said to have been left by her, and, as a result, were recognized as entitled to the property of her succession. In the latter case, the application of Robert L. Beattie to be appointed dative testamentary executor of the succession of Mrs. Toombs was denied, and the legal heirs of Mrs. Toombs were sent into possession of the property of her succession.

The present litigation was commenced by a rule filed by the legal heirs of Mrs. Toombs, appearing through M. D. Dimitry, their alleged attorney in fact, and by Dimitry, individually, against the clerk of court of the parish of Caddo, and by a rule filed by the same parties against the sheriff of the parish of Caddo, and by a third rule filed by them against Robert L. Beattie, who was administering the succession of Mrs. Toombs at the time her legal heirs were sent into possession.

The rules against the clerk and the sheriff were filed for the purpose of having these officials account for certain funds, alleged to be in their possession, which belonged to the succession of Mrs. Toombs, and which the plaintiffs in rule claim and demand possession of, by virtue of the judgment of this court, cited supra, placing them in possession of the property of the decedent. The rule against R. L. Beattie was filed for the purpose of having him deliver to plaintiffs in rule certain shares of stock, issued by the Shreveport Ice & Brewing Company, which belong to the succession of Mrs. Toombs, and which plaintiffs in rule, through their attorney in fact, claim by virtue of the judgment, mentioned above, placing them in possession.

The petitions for rules against the clerk and the sheriff set forth, among other things, that, since judgment was rendered sending the heirs of Mrs. Toombs, who are among the plaintiffs in these rules, into possession of her estate, three of them, to wit, Lila Bringle Furlong, Michael Matthew Bringle, and Sallie Bringle Davis, have died, but that, under contracts entered into by these heirs, with M. D. Dimitry, one of the plaintiffs in rule, which contracts, it is alleged, constitute mandates, Dimitry continues to assert the respective claims of the three deceased heirs in the funds in question.

The clerk and the sheriff excepted to the petitions for rule, filed against them, on the ground that the three deceased heirs left heirs, and that these heirs should have been made parties to the rules, and also upon the ground that Albert P. Garland, who assisted in recovering the property for the heirs, claims a privilege on the property recovered, for the services rendered by him, and should have been made a party to the rules. The clerk and the sheriff also filed exceptions of no cause of action, and then, with reservation of these exceptions, answered the rules. The trial judge sustained the exceptions, and dismissed the rules against the clerk and the sheriff.

■ We think that each of the petitions for rule discloses a cause of action. Each shows that the litigation instituted by the legal heirs of Mrs. Toombs terminated in favor of these heirs, and that they have been sent into possession of her estate. There would seem to be no reason, therefore, why the clerk and the sheriff should not deliver to their constituted agent, Dimitry, for them or for their heirs, such funds as there may be in their possession, which formerly belonged to the succession of Mrs. Toombs, unless it be because three of the heirs died, who granted powers of attorney to Dimitry, authorizing him to recover the property, and because the powers conferred were terminated by the death of these heirs.

■■ Copies of the mandates, granted by

the heirs, are attached to the petitions in rule. They show that the mandate, granted in each instance, is coupled with an interest. While ordinarily a power of attorney is terminated by the death of the principal, yet this is not so when the power of attorney is coupled with an interest. Jacquet v. Creditors, 38 La. Ann. 863; Renshaw v. Creditors, 40 La. Ann. 37, 3 So. 403. See, also, Succession of Labauve, 34 La. Ann. 1187. Our conclusion is that the mandates granted by the heirs of Mrs. Toombs, who are now deceased, did not expire at their death.

▇▇ As relates to the necessity of making the heirs of the three deceased heirs of Mrs. Toombs parties to these rules, in our view, under the circumstances, it was unnecessary to do so to any greater extent, or more specifically, than we think has been done. While all the heirs of Mrs. Toombs, who were recognized as such, when her heirs were sent into possession of her estate, are named as parties plaintiff, yet it is alleged that they appear through M. D. Dimitry, their attorney and mandatory. In short, M. D. Dimitry, as attorney in fact for the heirs, in so far as they are concerned, is virtually the party plaintiff in these proceedings. Dimitry, as we have said, holds powers of attorney, coupled with an interest, granted by the three heirs of Mrs. Toombs, who are now deceased. The heirs of these heirs inherited their interest in the funds in litigation here, subject to or incumbered with these powers of attorney, for these mandates did not expire by the death of those who granted them. Hence, since Dimitry, who holds these powers of attorney, is virtually the party plaintiff in these proceedings, the heirs of these deceased heirs may be considered as represented in these proceedings by Dimitry, acting under the powers of attorney held by him. It was therefore not necessary to mention them specifically as parties to these rules. As relates to Garland, there was no necessity for mak-

ing him a party to the litigation, for he merely claims a privilege on the funds involved herein. The exceptions, therefore, should have been overruled, and the rules tried on their merits.

With reference to the rule against R. L. Beattie, it appears that Beattie filed his answer to the rule, without excepting to it. He admits that he is in possession of the stock, having come into possession of it as executor in the succession of Mrs. Toombs. He avers that he is willing to deposit the stock in the registry of the court, but does not feel safe in delivering it to any of the claimants herein, until there is a judgment of court ordering him to do so, rendered contradictorily with the various claimants. The rule was tried upon its merits, and the demand of the plaintiffs was rejected.

▇The petition for the rule, under consideration, is similar in all essential particulars to the rules considered above. In passing upon the latter, we held that all necessary parties were before the court. The same ruling is applicable here. The legal heirs of Mrs. Toombs have been placed in possession of her property. We see no valid reason, therefore, why the stock should not be surrendered as prayed for by plaintiffs in rule. We think, however, that, when surrendered, it should be added to the property, this day ordered to be sold in the case of Mrs. Nora F. Brown et al. v. Thomas M. Furlong et al. (La.) 117 So. 583,[1] and sold with that property to effect a partition.

For the reasons assigned, the judgments rendered on the three rules herein are annulled and set aside, and it is now ordered that the exceptions urged by the clerk of court and by the sheriff to the rules filed against them be overruled, and that said rules be remanded to be tried on their merits; and, as to the rule filed against said Beattie, it is further ordered that he surrender said shares

[1] 166 La. 537.

of stock to the plaintiffs in rule, represented by said Dimitry, as attorney in fact, and that said shares, when surrendered, be added to the property this day ordered to be sold in the case of Mrs. Nora F. Brown et al. v. Thomas M. Furlong et al., our No. 28853, 117 So. 583,[1] and sold with that property to effect a partition. It is further ordered that appellees pay the costs of this appeal; that, in the rules against the clerk and the sheriff, the costs of the lower court abide the final determination of these rules; and that said Beattie pay the costs of the lower court in the rule against him.

### On Rehearing.

BRUNOT, J. The original opinion in this case was handed down by Justice OVERTON, and it was unanimously concurred in by the Justices of this court. On the applications of W. M. Levy, clerk of court of the parish of Caddo, T. R. Hughes, the sheriff of said parish, and Mrs. Beatrice Foster et al., a rehearing herein was granted.

The case has been reargued and it is submitted on the original briefs filed and on the briefs filed on the application for a rehearing. We have reviewed the record, and we find that our original judgment is correct as far as it goes, but that we omitted to decree that all property belonging to the succession, of every description whatever, should be sold to effect a partition of the estate.

The decree heretofore rendered in the case is amended to read that all property, of every description, belonging to the estate of Mrs. Florence A. Toombs, be sold according to law, and the proceeds thereof and the money now in the hands of the clerk and sheriff be turned over to the notary to effect a partition of said estate, and, as thus amended, that said judgment be reinstated and made the final judgment of this court.

O'NIELL, C. J., takes no part.

[1] 166 La. 537.