THOMPSON, J.
 

 In the suit above styled, numbered 28853 on the docket of this court,
 
 *349
 
 the interest of the heirs in the succession of Mrs. Toombs was fixed, the property of the succession was ordered sold to effect a partition between the heirs, and the proceeds of the sale were ordered to be distributed, after the payment of all costs and claims that may be allowed ag'ainst the fund. The claims of M. D. Dimitry and Albert P. Garland were referred to the fund to be distributed. Brown v. Furlong et al., 166 La. 537, 117 So. 583.
 

 Following the above judgment, all of the property real and personal belonging to the succession of Mrs. Toombs was sold by the sheriff, and the court below appointed a notary public to make the partition or distribution of the succession funds.
 

 The contest between Dimitry and Garland not having been finally disposed of, the sheriff declined to turn over the funds in his hands to the notary public.
 

 Thereupon the heirs of Mrs. Toombs took a rule on the sheriff to show cause why he should not be ordered to turn over to the said heirs their proportionate interest as fixed by the judgment of this court, one-half of all of the cash and the notes held by him as the proceeds of the partition sale, after deducting the sum of $393 as costs.
 

 The trial of the rule resulted in a decree ordering the sheriff to pay over to the notary who had been appointed to carry out the partition one-half of all cash and notes received by him at the partition sale, after deducting the cost of the sale. It was further ordered that the said notary distribute forthwith said cash and notes to the plaintiffs in rule.
 

 M. D. Dimitry was made a party to that rule, and, after an ineffectual attempt to obtain an appeal from the judgment on the rule, applied to this court to have the judgment on the rule annulled and the demand of the heirs rejected, or, in the alternative, that the lower court be compelled by mandamus to grant him an appeal.
 

 Since the rule nisi was issued on the present application, we have handed down a decree on rehearing, in which it was ordered that all property, of every description, belonging to the estate of Mrs. Florence A. Toombs, be sold according to law, and the proceeds thereof and the money in the hands of the clerk of court and the sheriff be turned over to the notary to effect a partition of said estate. This decree, being on rehearing, became final on the day it was handed down (October 29, 1928, Succession of Toombs, 118 So. 488)
 
 [1]
 
 , and, as the property has been sold, there remains nothing to be done except to have all of the funds in the hands of the officers named turned over to the notary, to be partitioned and distributed as directed in the judgments heretofore rendered by this court.
 

 The judgment herein complained of is annulled, and the demand of the heirs of Mrs. Toombs to have one-half of the cash and notes turned over to them directly by the sheriff is rejected, at their costs.
 

 O’NIELL, G. J., takes no part.
 

 [1]
 

 Ante, p. 21.