(127 So. 731)

**BROWN et al. v. FURLONG.**

No. 30246.

March 5, 1930.

Rehearing Denied March 31, 1930.

See also 166 La. 537, 117 So. 583; 167 La. 21, 118 So. 488; 167 La. 348, 119 So. 252; 169 La. 829, 126 So. 206.

Robert A. Hunter and Cecil Morgan, both of Shreveport, for appellant Fitzgerald.

George T. McSween and B. B. Breazeale, Jr., both of Shreveport, for M. D. Dimitry, by H. A. Blocker, administrator.

Elmo P. Lee, of Shreveport, for appellee Albert P. Garland, intervener.

John B. Files, A. P. Garland, and Edward Barnett, all of Shreveport, and John W. Moncrief, of Stuttgart, Ark., for heirs of Florence A. Toombs.

OVERTON, J.

This litigation grows out of the succession of Florence A. Toombs. After the death of Mrs. Toombs, there was presented for probate a will, which was alleged to be her last will. This will was admitted to probate, a testamentary executrix was appointed, and the succession was nearly closed, when the legal heirs of Mrs. Toombs employed M. D. Dimitry to recover for them the property left by the deceased, and Dimitry employed Albert P. Garland, Esq., to assist him.

In Beattie et al. v. Dimitry et al., 162 La. 571, 110 So. 759, the will alleged to have been left by Mrs. Toombs was decreed to be null and void, as a forgery, by affirming, in that respect, the judgment of the district court. The result was that the legal heirs were recognized as entitled to the property. Thereafter, in Brown et al. v. Furlong et al., 166 La. 537, 117 So. 583, and in the Succession of Toombs, 167 La. 21, 118 So. 488, all of the

property of the succession was ordered sold to effect a partition among the legal heirs of Mrs. Toombs.

A sale was made, and a notary was appointed by the district court to partition among the heirs the proceeds of the sale. Although certain contested claims were filed before the notary for payment, that officer did not refer the objections to their allowance to the district judge for decision, but undertook to adjust the controversies, and prepared a procès verbal of a provisional partition, in which the adjustment made by him was shown. The procès verbal of the partition was presented to the district judge for homologation, and oppositions to its homologation were filed.

The lower court rendered judgment adjusting the differences between the parties, and recasting the proposed distribution, suggested by the notary. From this judgment Dimitry took the present appeal. Pending the appeal he died, and his administrator was made party appellant in his place. A few days prior to the making of the administrator a party, Mrs. Helen K. Fitzgerald, filed a motion in this court, alleging that Dimitry, some time prior to his death, sold to her all of his interest in the funds and notes in the possession of the notary appointed to make the partition, attaching to the motion, in support thereof, a notarial act of the transfer of those assets, and praying that she be made a party to the appeal. She was made a party, and both she and the administrator of Dimitry's succession have filed briefs in this court, and have argued the case orally.

■ One of the questions presented by the administrator of Dimitry's succession is whether or not certain attorneys, namely, Messrs. Garland, Barnette, and Brice, each of whom are asserting claims against Dimitry, payable out of his fee for the recovery

of the property, have a right to inject themselves in this proceeding, which is a summary one, for the purpose of having their fees fixed against Dimitry and allowed out of his fee, instead of resorting to an independent action by ordinary proceeding. We see no objection to these attorneys proceeding as they have. The fees earned by them were earned in litigation closely connected with the present proceeding, and it is here that their claims should be definitely fixed and settled. In fact, this was so decreed in this very partition suit. Brown v. Furlong, 166 La. 537, 117 So. 583.

■ The next question presented by the administrator relates to the authority of the attorneys who filed, in behalf of the legal heirs of Mrs. Toombs, oppositions to the homologation of the procès verbal, prepared by the notary, to file these oppositions. The administrator takes the position, as did Dimitry himself, that the attorneys, filing the oppositions, had no right to represent the legal heirs of Mrs. Toombs. It was Dimitry's position that he alone represented them. The record throws no particular light on the question here presented. The trial judge, however, thought, and so do we, that sufficient appears to justify the conclusion that the attorneys who filed the oppositions had authority to represent the heirs in doing so. When the partition suit was filed in which these oppositions arise, it was filed by Dimitry and eight of the heirs against the remaining legal heirs —some twenty odd in number—who in that suit, of which this is a mere continuation, were naturally represented by other counsel than Dimitry, who was not only a party plaintiff therein, but represented the remaining plaintiffs. Brown v. Furlong, 166 La. 537, 117 So. 583. Moreover, Dimitry's interest in the present litigation is directly opposed to that of the legal heirs, which rendered it all the more likely that these attorneys, and not Dim-

itry, were authorized to represent their interests in the present proceeding, in the court below, and were authorized to file the oppositions.

Coming to the oppositions themselves, the first question to be decided is whether Dimitry is chargeable, under his contracts with the heirs, with all the costs and expenses incurred in recovering the property. The opponents contend that he is. On the other hand, it is urged that the heirs are chargeable with these costs and expenses. The trial judge rejected the principal item of the costs and expenses, claimed to have been advanced by Dimitry, because it was not itemized, nor was there any proof of it by items, and, besides, he deducted from Dimitry's fee, costs of court aggregating $2,479.12, upon the theory that these costs, under Dimitry's contracts, were payable by him with his own money, and not with money belonging to the estate.

▪ The contracts between Dimitry and the heirs, so far as pertinent to the question here presented, read as follows, to wit: "Said first parties (the heirs) hereby agree and do employ said second party (Dimitry) to represent them as their attorney in recovering their respective interest in the estate of Mrs. Florence A. Toombs, deceased, and in consideration of the legal services of said second party, rendered and to be rendered, first parties agree to pay an amount equal to fifty per cent. of the amount recovered, it being understood between the parties hereto that in the event that nothing is recovered, then parties of the first part shall not be liable in any amount for costs advanced or services rendered."

Opponents urge that, as relates to the responsibility for costs, these contracts were construed by this court in Garland v. Dimitry, 167 La. 262, 264, 119 So. 42, 43, where the court said: "These heirs employed the defendant Dimitry to represent them on a contingent fee basis; that is to say Dimitry for his professional services, was to receive one-half of all property or money he recovered out of the estate for the heirs, and was to assume and pay all costs and expenses incurred in recovering the property."

In the cited case the issue was the amount of fees that Garland was entitled to, and it was unnecessary to decide who, under the contracts made by Dimitry with the heirs, was responsible for costs. The court did not, in making the foregoing statement, intend it as a construction of the contract. The excerpt is found in the statement of the case, not in the opinion proper. The court was there merely giving an outline of the case, and it was unimportant, in deciding the issue there presented, as to who was responsible for the costs and expenses incurred by Dimitry, under his contracts with the heirs. The excerpt quoted is in no sense precedent, and was not intended so to operate.

It is also argued that Dimitry, contrary to the position taken by him below, and contrary to the position taken by the administrator of his succession in this court, construed his contracts with the heirs as throwing the burden of the costs and expenses on him without reference as to whether there was a substantial recovery in the case or not. The record in this case does not disclose what Dimitry's previous position was as to the costs and expenses. Reference is made, however, in opponent's briefs, to the case of Garland v. Dimitry, just cited, as disclosing such a construction by Dimitry. However, whatever the record in that case, which is not before us, may disclose as to Dimitry's construction of his contracts with the heirs, the opinion therein, it may be said, discloses no

such construction by Dimitry as that contended for by opponents. We find this position unsupported by the record.

In our opinion what the contracts between Dimitry and the heirs mean is that, as the contracts expressly provide, in the event nothing is recovered the heirs shall not be liable in any amount for costs advanced, or services rendered, but, as is left to implication, in the event there should be a recovery, the costs and expenses should be paid out of the property recovered, and then Dimitry paid, as expressed in the contracts, "an amount equal to fifty per cent of the amount recovered," meaning, of the net amount recovered, for the net amount recovered is the true amount of the recovery. It was not intended that Dimitry should receive a fee of 50 per cent. of the gross amount recovered and pay out of this all the costs and expenses of recovery, or that these costs and expenses should be borne wholly by the heirs out of their part.

The trial court found that court costs had been incurred and paid, amounting to $3,932.-62, but that they were paid out of money in the registry of the court, belonging to the estate, when they should have been paid wholly by Dimitry, and therefore deducted one-half of these costs, or $1,966.31, from Dimitry's fee of 50 per cent.

The money out of which these costs were paid was money recovered by Dimitry, as was recognized by the lower court. The court, instead of deducting one-half of them from Dimitry's fee, should have deducted the entire amount of them, under our interpretation of the contracts, from the assets to be partitioned, before proceeding with the distribution.

The court also found that costs, remaining unpaid, and representing a balance of $512.81, had been incurred in the case of Beattie v.

Dimitry, and that this balance, in its entirety, should be paid by Dimitry, under his contracts with the heirs, and therefore deducted it from Dimitry's fee of 50 per cent. Under our construction of the contract, this entire balance should have been deducted from the assets to be partitioned before proceeding with the distribution.

As relates to the item of $16,000, claimed by Dimitry for costs and expenses incurred and paid by him in recovering the property, no itemized statement of the claim was filed, and no proof of it by items was made. As it is, there is no way of determining whether all the items that enter into that claim are properly chargeable to costs and expenses of the recovery, nor, for the same reason, was there any way of cross-examining Dimitry as to the propriety of allowing this claim although Dimitry was asked on the witness stand to state the items going to make up the claim, and although the trial judge warned him, while he was on cross-examination, that, unless he did so, he saw no way of allowing the claim, Dimitry failed to give a single item entering into the claim. In these circumstances there was nothing else for the trial court to do but to reject the claim.

The court also found that Dimitry received from John F. Slattery, Esq., the attorney for Mrs. Beattie, the latter having been named in the will of Mrs. Toombs, which was annulled, as residuary legatee, the sum of $5,646.31 (see Horne v. Beattie, 167 La. 647, 120 So. 38), and expended $2,900.35 of that sum in payment of the inheritance tax due by the heirs, and $1,000 in purchasing from some of the heirs, for the account of the remaining heirs, their interest in the succession. These payments left a balance in Dimitry's hands of $1,746.96. The trial court

held that Dimitry should pay to the heirs one-half of this balance, and deducted that half from his fee of 50 per cent., but gave him no credit for his 50 per cent. of the amount so paid out by him.

The total amount received by Dimitry from Slattery was money recovered by Dimitry under his contract with the heirs. Had he not succeeded in annulling the will, the heirs of Mrs. Toombs would have had no right to any part of the sum received, and this the lower court recognized, in part, by awarding to Dimitry one-half of the balance remaining, after the payment of the inheritance tax and the purchase price of the property, acquired for the remaining heirs. The court, however, erred in not allowing Dimitry credit for 50 per cent. of the rest of the fund. Clearly, under his contracts with the heirs, Dimitry was entitled to an amount equal to 50 per cent. of the property recovered, or, which amounts to the same, to one-half of it. He should have been given credit for one-half of the total amount received from Slattery. The inheritance tax was due by the heirs. It was not one of those expenses, under the contracts, for the recovery of the property. Had the will, which was annulled, never been presented for probate, and had no complications whatever ensued to deprive the heirs temporarily of the property left by Mrs. Toombs, nevertheless the heirs would have had to pay the inheritance tax. Dimitry should not have been required to pay one-half of that tax or any part of it. As to the $1,000 paid some of the heirs for the purchase for the account of the remaining heirs, this payment was made for the benefit of the purchasing heirs, and not for the recovery of the property left by Mrs. Toombs, and therefore, under the contracts of Dimitry with the heirs, no part of the $1,000 paid was chargeable to him.

The court, in disposing of interest on funds on deposit or on any unpaid notes, limited the award to accrued interest. The award should have included interest that may hereafter accrue.

The errors pointed out above, except the last one, as to interest, affect the entire distribution made. We therefore see nothing else to do, but to set the judgment aside, remand the case to the lower court, with directions that it be referred back to the notary to complete the partition in accordance with the views herein expressed. Civil Code, art. 1376.

For the reasons assigned, the judgment appealed from is set aside, and this case is remanded to the lower court, with directions that it be referred back to the notary to complete the partition in accordance with the views herein expressed, and for such other proceedings in the district court as may be required by law, the costs of this appeal and of the lower court to be paid by the mass.

O'NIELL, C. J., takes no part.

ST. PAUL, J., dissents from refusal to grant a rehearing.