PONDER, Justice.
 

 William Buffer was married to Adelaide Landreneau, the widow of Pierre Sosthene Fontenot, on December 2, 1884. At the time of the marriage, his wife was the mother of a minor child, Corinne Fontenot, issue of her prior marriage. On November 17, 1884, William Buffer transferred to Corinne Fontenot 50 arpents of land, property he had acquired before his marriage, in settlement of a debt of $346.43 which his wife, as natural tutrix-, owed her minor child. Adelaide Landreneau received by inheritance $1,060 from the estate of her father and mother; $240 from the estate of her sister; and $320 from the estate of Jean Ortego, making a total in all of $1,620. On February 11, 1932, William Buffer transferred three tracts of land, being all the real estate owned by the community, to his wife, Adelaide Landreneau, by an act of dation en paiement, in settlement of $1,620 recited in the act to be due and owing his wife for her separate funds which he had used. William Buffer died on May 13, 1936, intestate. His surviving widow continued in possession of the property until she died on April 16, 1938, intestate. There was one child, issue of the marriage of Williám Buffer and Adelaide Landreneau, viz., Pierre Buffer. The succession of William Buffer and the succession of Adelaide Landreneau were opened at the same time and consolidated herein. Pierre -Buffer instituted suit in the succession proceedings to set aside the dation en paiement from William Buffer to Adelaide Landreneau as a simulation in fraud of his rights, asking in the alternative that the dation en paiement, being a disguised donation inter vivos, be reduced in so far as it encroached on his legitime. Corinne Fontenot, "who is now the wife of James Deshotels, after denying the plaintiff’s claims, in reconvention asks that the plaintiff be ordered to return all monies, received by him as an advantage Or extra part, to the mass of the succession. By a supplemental' and amended answer it is set out that the plaintiff had received $500 from an agent of the Continental Oil Company to secure permission from and inducing their mother to enter into a contract of right of way and asks that such amounts be returned to the mass .of the succession. The plaintiff filed a supplemental and amended petition, asking to be recognized as a creditor of the estate of Adelaide Landreneau for the sum of $346.43, in advance of the inheritable portions of the defendant and plaintiff in the estate, being the amount that Adelaide Landreneau owed the defendant which was settled and paid by William Buffer by the transfer of 50 arpents of land, the separate property of William Buffer. The defendant filed a motion to strike the amended and supplemental petition which was referred
 
 *649
 
 to the merits. The defendant interposed a plea of estoppel, leveled at the plaintiff’s right to attack the dation en paiement. On trial the court sustained the motion to strike out the defendant’s amended and supplemental petition and the plaintiff was ordered to return the sum of $500 to the succession. The court annulled and set aside the dation en paiement from William Buffer to Adelaide Landreneau. In another suit in this succession, wherein Pierre Buffer claimed that a certain power of attorney was coupled with an interest, the trial court rendered judgment annulling the power of attorney on the ground that it was not coupled with an interest and that it terminated at the death of the principal. In another suit in the succession Pierre Buffer was ordered by judgment to return to the mass of the succession $102.97. The plaintiff appeals from the judgments annulling the power of attorney, rejecting his claim for $346.43, and ordering him to return $500 and $102.97 to the mass of the succession. The defendant appeals from the judgment annulling the dation en paiement.
 

 The pertinent part of the power of attorney reads: “to sell all and any of the produce of my lands or any movables and to pay and settle any and all such expenses and costs as he may incur, and I contract to pay him one-half (%) of the proceeds of the produce of my lands for his services in that respect.”
 

 A mere reading of the power of attorney shows that it is not coupled with an interest. The agent was not given an interest in the property but wgs only to receive a percentage of the proceeds. ' The power not being coupled with an interest, it terminated at the death of the principal. Fowler v. Phillips, 159 La. 668, 106 So. 26; Succession of Toombs, 167 La. 21, 118 So. 488.
 

 The judgment ordering Pierre Buller to return the $102.97 is correct. The testimony shows that at the death of his mother there was found in her wardrobe $1,583.70 which was counted by several witnesses. Pierre Buffer took this money and it was eventually turned over to the custody of the court. The testimony shows that Pierre Buffer subsequently found $102.97 more of his mother’s money which he claims was turned over to the court with the other amount. When the money was counted in the court there was only $1,-582.98, showing that the $102.97 was never turned over to the custody of the court.
 

 In ordering plaintiff to return the $500 that he had received to persuade his mother to grant a right of way across the property the lower court stated that it could not sanction the transaction by which the plaintiff obtained the money. At the time Pierre Buffer accepted this amount it was done without the knowledge of his mother and Pierre Buffer was at that time the agent of his mother by a power of attorney. We think the judgment was correct in ordering him to return this amoúnt to the succession.
 

 After examining the motion to strike out the plaintiff’s supplemental and amended petition we find it would enlarge the issues of the suit and under Article 419
 
 *651
 
 of the Code of Practice it was properly-sustained.
 

 The principal dispute and the one that appears to be the most seriously contested is whether or not the dation en paiement is a simulation. The trial court arrived at the conclusion that the consideration recited in the act was never received by William Buller. After an examination of the testimony we have concluded that the trial court was correct. The evidence shows that all the separate property that Adelaide Landreneau possessed was $1,620, and possibly two or three head of cattle. From the documentary evidence it appears that William Buller settled the debt which Adelaide Landreneau owed her minor daughter as natural tutrix by transferring his separate property to the daughter. The testimony shows that at various times during her marriage she lent money to other persons, that she had bank accounts, and owned stock in a bank. At the time she died there was found in her wardrobe $1,686.95 among her clothes. The trial judge stated in his written opinion that he knew the witnesses in the case and was well acquainted with all parties at interest and that he was of the firm conviction that the separate funds of Adelaide Landreneau were never merged with those of the community.
 

 One of the essentials of a giving in payment is an existing debt. Article 2655, R. C.C. We have determined that William Buller never received the $1,620, therefore the dation en paiement must fall because no indebtedness existed. Burns v. Thompson, 39 La.Ann. 377, 1 So. 913. The forced heir would have the right to attack the alleged simulation as a donation in disguise and have it set aside on proof of no consideration. Smelley v. Ricks, 174 La. 734, 141 So. 445; Article 2239, R.C.C.
 

 It is contended that William Buller made a judicial acknowledgment of the dation en paiement in his petition when he sought bankruptcy, and that Pierre Buller, having accepted the succession of his father, would be estopped and could not be heard to deny the judicial acknowledgment made by his father. It was also contended that Pierre Buller, having failed to accept or renounce the succession under the provision of Article 1050, R.C.C., had tacitly accepted the succession. The plaintiff opened his father’s succession subject to the inventory attacking the dation en paiement and asked that it be annulled. It was contended that when the plaintiff joined with the defendant by consent to dispose of the movables that it amounted to a simple acceptance of the succession. The plaintiff having agreed with the defendant to sell the movables, which was a conservatory act, would not in itself be an unconditional acceptance of the succession for the reason that the plaintiff accepted the succession with benefit of inventory at the same time he attacked the dation en paiement which is still in dispute. Schreiber v. Beer’s Widow & Heirs, 150 La. 676, 91 So. 149.
 

 For the reasons assigned the judgment appealed from is affirmed. The cost is to be divided equally between the plaintiff and defendant.
 

 HIGGINS, J., absent.