SAVOY, Judge.
Plaintiffs sued Humble Oil & Refining Company, their mineral lessee, and other mineral owners, seeking the cancellation of an oil, gas and mineral lease.
Humble filed an exception of non-joinder, which was maintained in the court below, and which resulted in the joinder of numerous additional interested parties through an amended petition filed by plaintiffs for that purpose.
In response, Humble filed an answer and reconventional demand for a declaratory judgment. The reconventional demand sought an interpretation of its rights under the lease, and additionally, sought to join certain other persons as defendants in re-convention, it being alleged that they were interested parties.
In response to that, those persons filed exceptions, alleging improper joinder of parties and no right or cause of action.
The exceptions were tried and sustained by the lower court, dismissing Humble’s reconventional demand as against those persons, from which judgment Humble has appealed.
We thus have before us a question of law alone. Humble contends that the persons in question have an interest in the litigation and can and should be joined as defendants in their reconventional demand. The said defendants in reconvention contend that they have no interest sufficient to make them parties, and that the demand was properly dismissed as to them.
The background of the controversy is as follows. The persons attempted to be made defendants in reconvention by Humble are Moise S. Steeg, Jr. and Louis G. Shushan, attorneys at law, and Jack F. Harrang, a geologist. Humble claims that it is entitled to make them parties to its reconventional demand because agreements have been made between Harrang, et al. and the principal *701 plaintiffs under which Harrang, et al. have acquired interests which will be affected by the suit.
Humble’s specific position is that LSA-C.C.P. Article 1880 provides that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration ; that their interests will be affected; that, therefore, the question resolves itself into one of permissive joinder. In its brief, Humble agrees that Harrang, et al. are neither “indispensable” nor “necessary” parties, but that they are “proper” parties due to their affected interests and/or a community of interests as between themselves and the principal plaintiffs, thus coming within the scope of Article 1880 and requiring their joinder, whether the interests of Harrang, et al. be direct or contingent.
The agreements in question between Harrang, et al. and the principal plaintiffs are in the record. Humble insists that these agreements may well convey present interests, or that they are, at best, ambiguous. Briefly, they provide that Harrang, as geologist, and Steeg and Shushan, as attorneys, shall, respectively, investigate and develop information supporting plaintiffs’ action and prosecute or settle the action, for which they are to receive certain interests under the disputed lease if they are successful in those efforts. In other words, basically the agreements form a contingent fee situation, with no actual present vesting of interests. While the agreements contain certain other provisions which could give rise, in effect, to a transfer of rights presently held by the principal plaintiffs to Harrang, et al, so as to place Harrang, et al. in their shoes, the essentially contingent nature of the agreements in their entirety still exists in our view. No conditions have yet occurred or been met which change the basic client-attorney-geologist relationship between Harrang, et al and the plaintiffs.
Harrang, et al. take the position that since their interests are not yet vested and are merely contingent, they cannot be made parties defendant in Humble’s reconven-tional demand, there being no present controversy, except as between Humble and the principal plaintiffs. Brown v. Furlong, 166 La. 537, 117 So. 583 (1928).
Of the cases cited by each side in their briefs, we note with particular interest three cited by Humble: Humble Oil and Refining Company v. Jones, 241 La. 661, 130 So.2d 408 (1961); McClung v. Atlas Oil Co., 148 La. 674, 87 So. 515 (1921); Hope v. Madison, 194 La. 337, 193 So. 666 (1940). In the Humble Oil case, supra, it was held by the Supreme Court that all mineral lessors were necessary parties in an action determining their respective shares in production; in both the McClung and Hope cases, supra, there had been an actual conveyance of a part of the client’s mineral rights to attorneys at or near the inception of the attorney-client relationship, with no contingency based on the outcome of the litigation or the happening of other events. Those cases are thus inapposite to the instant case.
We are convinced that a determination of the merits of the instant case can be made without Harrang, et al. being joined as defendants in Humble’s reconventional demand and without “affecting their interests”. One might say that any attorney, geologist, etc. whose ultimate fee or remuneration depends upon the outcome of the controversy is necessarily “affected”, but we think not in the sense contemplated by LSA-C.C.P. Article 1880, when taken in conjunction with our reading of the agreements here in question.
Finally, Humble also asserts that, in any event, the lower court improperly dismissed its reconventional demand as against Harrang, et al. under the peremptory exceptions of no right or cause of action; that such objections should be raised by the dilatory exception of improper join-der.
Actually, Harrang, et al. did enter exceptions of improper joinder. The lower *702 court judgment specifically mentions only the exceptions of no right or cause of action, but we believe the point is not crucial or prejudicial to Humble. In effect, the judgment holds that Harrang, et al. were improperly joined, there being no cause of action as against Harrang, et al. under which Humble may pursue its rights. Under the facts as they now exist, we concur in that holding.
For the reasons assigned, the judgment of the lower court is affirmed, costs of this appeal being assessed against defendant-appellant.
Affirmed.